Birdsall v. Williams.

BIRDSALL, appellant, v. WILLIAMS.

*Practice — nonsuit — conforming pleadings to proof.*

The complaint set out a cause of action in trespass. At the trial it appearing that the fee of the *locus in quo* was in the defendant, and that plaintiff had only an easement, the judge dismissed the complaint. *Held*, that whether, under the circumstances, the complaint should have been dismissed, or the pleadings conformed to the proof, was largely in the discretion of the trial judge, and that, in this case, it would not be interfered with.

APPEAL from an order of the judge at circuit directing a dismissal of the complaint and judgment of nonsuit, and from an order of the special term denying a new trial, and refusing to set aside the nonsuit.

The complaint alleged that the plaintiff was the owner, and in possession of a mill, mill-dam, water-power and mill privilege ; that the defendant, with intent, etc., " did, with a strong hand and with force, break and enter into and upon the close containing the said mill-dam," and did break and damage and destroy the said mill-dam, and thereby caused the water to flow into and upon the lands of said plaintiff, below the said dam, etc., for which wrongful acts the plaintiff demanded judgment for ten thousand dollars.

At the trial it appeared that the mill-dam in question was, upon the premises of the defendant, and that the plaintiff only had the right to use the water gathered thereby. The judge dismissed the complaint, and ordered a judgment of nonsuit.

*Ralph E. Prime*, for appellant.

*I. T. Williams*, respondent, in person.

PRATT, J.   The complaint states a cause of action in trespass. The natural construction of the complaint would be that plaintiff was owner, in fee, of the mill-dam, and that the entry was illegal, aggravated by the destruction of the dam.   On the trial it appeared that the fee of the dam was vested in the defendant, and that plaintiff was entitled merely to the use of the dam to gather water, with the right of free access thereto.

The cause of action proved was, therefore, not a trespass upon plaintiff's land, as averred in the complaint, but an injury to the plaintiff, resulting from the defendant's act upon his own property. The complaint did not contain the necessary averments to maintain any other action than that of trespass, and the plaintiff did not seek to have it amended.   Whether, under the circumstances, the complaint should have been dismissed, or in case no surprise was shown, the cause should proceed, and the pleadings be conformed to the proof, was largely in the discretion of the judge at circuit. We are of opinion that his exercise of this discretion cannot be called unwarranted, and the order appealed from is, therefore, affirmed.

. *Order affirmed.*